SOUTHWICK *v.* WAYNE CIRCUIT JUDGE.

APPEAL AND ERROR — SETTLEMENT OF TESTIMONY ON APPEAL —
PRACTICE—EXTENSION OF TIME.

> Mandamus will not issue to require a circuit judge to settle
> and sign as the record for use on appeal, in a divorce case
> and a suit consolidated with it, the minutes of the stenog-
> rapher not condensed or reduced to narrative form (Chan-
> cery Rule 37). The application for mandamus may, however,
> be treated as an application to extend the time for appeal
> and further time be granted to condense the minutes of the
> testimony in compliance with the rule and to settle a case
> for review.

Mandamus by William D. Southwick against George S. Hosmer, one of the circuit judges of Wayne county, to require respondent to settle a proposed case on appeal in two consolidated suits in equity. Submitted December 18, 1912. ( Calendar No. 25,391.) Writ denied, but partial relief granted by order entered December 20, 1912.

*Sherman D. Callender* and *Arthur H. Covert* (*Claudius B. Grant*, of counsel), for relator.

*Clark, Lockwood, Bryant & Klein* and *Jasper C. Gates*, for respondent.

KUHN, J. This is a petition for mandamus to compel respondent to settle and sign a case on appeal in two cases which were consolidated and heard as one, wherein relator's wife is complainant and relator defendant. One is a divorce case, in which the decree was entered January 26, 1912, and the other is a suit to set aside a deed from relator's wife to himself, in which the decree was entered February 2, 1912.

Complainant having obtained relief in both cases, relator gave notice of appeal in accordance with the statute,

and filed bonds to stay proceedings, which bonds were duly approved by the court. On account of illness of one of the counsel for relator, the time for settling the case for review was extended from time to time until July 25, 1912. On that day a motion was made asking for further extension of time, and on the hearing thereof respondent stated that he would hold the matter in abeyance 10 days, in which counsel should serve on complainant's solicitor a copy of the proposed case on appeal. The proposed case was served on counsel for complainant on August 3, 1912, and consisted of the entire stenographic minutes; no effort having been made to reduce the testimony to a narrative form. The case was noticed for settlement for August 17, 1912, but because of absence of respondent, and also of counsel for relator, the case on appeal was not presented to respondent for his signature until September 28, 1912.

In his answer respondent sets up the following:

"This respondent shows that the alleged case, as finally presented to this respondent for his signature, was, in no proper sense, a compliance with the requirements of Chancery Rule 37, for the following reasons:

"(a) Said rule provides that 'any party shall be entitled to make and settle a case setting forth the *substance* of all the evidence taken or read at the hearing.'

"That said case, on the contrary, is merely the whole of the stenographer's minutes, with copies of depositions annexed thereto constituting 663 typewritten pages, much of which is repetition of the same testimony by the same witnesses, argument between counsel, remarks by the court, two detailed stories of a tour in Europe which the parties to this suit took as their wedding tour, talks between themselves and fellow passengers, and many other immaterial matters, all of which in a case properly prepared would have been condensed to less than one-half its present proportions."

This court has condemned the practice of signing and returning immaterial and irrelevant matters in chancery appeals. *Andrews* v. *Lavery*, 159 Mich. 26 (123 N. W.

543). The respondent was justified in refusing to certify the record as presented to him. The petition for mandamus is therefore denied, with costs to respondent. However, for the purposes of this case, we shall consider and treat the petition filed as an application for extension of time to perfect an appeal. In order that relator may not be deprived of this right, an order will be entered extending the time to perfect the appeal to February 15, 1913, on condition that a case on appeal complying with the rules of this court be presented to the respondent for settlement on or before that date, and on the further condition that a further adequate bond to stay proceedings be filed by relator, to be approved in amount and sureties by respondent.

MOORE, C. J., and STEERE, McALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.